IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD LEE MOSS,

    Plaintiff,                                        04cv1566

v.                                           **ELECTRONICALLY FILED**

JOHN E. POTTER, POSTMASTER GENERAL,

    Defendant.

## Memorandum Opinion

**August 22, 2005**

**I. Introduction**

    This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e *et seq.* Pro se plaintiff, Ronald Lee Moss ("Moss"), appears to allege that defendant John E. Potter, Postmaster General, U.S. Postal Service discriminated against him because of his age, gender, and race, retaliated against him for an earlier EEO filing, and subjected him to a hostile work environment when it issued him a 14-day "paper" suspension for allegedly failing to properly park his postal vehicle while on duty. After two failed attempts at mediation, defendant has filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 (doc. no. 24).[1] For the reasons that follow, defendant's motion for summary judgment will be granted and plaintiff's motion opposing defendant's motion for summary judgment will be denied.

---

[1] Plaintiff filed his brief in opposition, but termed it a "motion opposing defendant's motion for summary judgment."

**II. Facts**

The undisputed facts are as follows.[2] Plaintiff, who is an African-American employee of the United States Postal Service, was hired by the Postal Service as a mail processing clerk at the General Mail Facility on the North Side of Pittsburgh, Pennsylvania in 1986. In 2000, plaintiff became a letter carrier at the Postal Service's Greentree, Pennsylvania Post Office. Plaintiff's first line supervisor was Jerry Kennedy, and his second line supervisor was Bob Roberts.

In December 2003, Michael Cafaro ("Cafaro"), a manager of customer service operations for defendant, was directed by the Postal Service's district manager to conduct driving observations and operational review of letter carriers throughout the Pittsburgh area. On December 10, 2003, while conducting a driving observation of plaintiff's postal vehicle, Cafaro observed that plaintiff had left his vehicle unattended at 1302 Chartiers Avenue, but had not set the parking brake. Failure to set the parking brake was considered to be a violation of Postal regulations. Specifically, the City Deliver Carriers Duties and Responsibilities Handbook Series 41 states that "[w]henever the driver leaves the vehicle, the vehicle must be parked. To park the vehicle, apply the foot brake." In addition, the Postal Employee's Guide to Safety Handbook EL-814 states that, "[w]henever you park your vehicle, turn off the engine, remove the key, place the gear selector in park, and set the parking brake."

Cafaro asked plaintiff if he was aware of the postal policy requiring him to set his parking brake, and plaintiff responded in the affirmative. Cafaro further asked plaintiff why he did not

---

[2]The Court deems the facts (as set forth by defendant) to be undisputed because plaintiff's counter-statement of material facts is not responsive to defendant's statement of material facts. Rather, plaintiff's "statement" largely consists of deposition quotations, exhibits and a declaration by plaintiff.

set the hand brake, and plaintiff responded that he had forgotten to do so. Cafaro then telephoned Bob Roberts, and informed him of plaintiff's safety infraction. Plaintiff's driving privileges were suspended that day and the Postal Service conducted an investigation of the incident. Plaintiff was subsequently interviewed regarding the incident, and he admitted that he had not set the parking brake on his postal vehicle.

Following this investigation, Jerry Kennedy issued a 14-day "paper" suspension, meaning that plaintiff was still permitted to report to work and did not lose any pay as a result of the discipline. Plaintiff's government driver's license was temporarily revoked pending further training, and he was briefly transferred to a location where plaintiff could continue to work by delivering mail on a walking route.

Plaintiff was transferred, and worked only a few days on his walking route when he reported that he had injured his back and filed a workers compensation claim. Plaintiff then returned to work in January 2004, but in March 2004, he reported that he had re-injured his back, and has not returned to work at the Postal Service since that time, remaining on worker's compensation.

**III. Standard of Review**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, the Court must examine the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the initial burden of identifying the basis of the motion and the evidence which

demonstrates the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.

In order to avoid summary judgment, the burden shifts to the non-moving party to produce evidence that a reasonable fact-finder could find for that party. Anderson, 477 U.S. at 248-249. The non-moving party must go beyond the pleadings and produce evidence through affidavits, depositions or admissions to show that there is a genuine issue for trial. Celotex, 477 U.S. at 324. When considering the reasonable fact-finder rule, the Court must apply the evidentiary standard which governs at trial. Anderson, 477 U.S. at 252. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

"One of the most common forms of evidence used on a summary judgment motion is affidavits . . . in support of or opposition to a Rule 56 motion. . . ." Wright, Miller & Kane, 10A Federal Practice and Procedure, § 2722 at 54. Hearsay evidence contained in affidavits and deposition testimony may be sufficient to survive summary judgment motion unless such evidence clearly would not be admissible at trial. Clark v. Commonwealth of Pennsylvania, 885 F.Supp. 694, 709 n. 3 (E.D. Pa. 1995), citing Petruzzi's IGA Supermarkets, 998 F.2d at 1234 n. 9 ("While this statement as it stands now is hearsay, in this circuit it can be considered on a motion for summary judgment because it is capable of being admissible at trial.")

However, bare and conclusory allegations contained in a complaint may not suffice to supply the requisite specific "facts" necessary to survive a well-supported motion for summary judgment. Rule 56(e) provides in relevant part:

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting

>and opposing affidavits *shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify* to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.* The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial*. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e) (emphasis added).

Thus, as the Supreme Court stated in Lujan v. National Wildlife Co., 497 U.S. 871, 888 (1990):

>[W]here the facts specifically averred by [the non-moving] party contradict facts specifically averred by the movant, the motion must be denied.  That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint.  *As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence "set forth specific facts showing that there is a genuine issue for trial."  The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.*  Cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (*"[T]he plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint' "*). . . .

(emphasis added; parallel and other citations omitted). See also Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1144 (3d Cir.1990) (expert affidavits which lack specific facts and are essentially conclusory by failing to explain the basis of an opinion or provide factual support are inadequate); Maldonado v. Ramirez, 757 F.2d 48 (3d Cir. 1985) ("the affiant must ordinarily set forth facts, rather than opinions or conclusions.  An affidavit that is " 'essentially conclusory' and lacking in specific facts" is inadequate to satisfy the movant's burden."); Citizens Bank of Elizabethton, Inc. v. Ken-Penn Amusement, Inc., 798 F.Supp. 268, 271 (W.D.Pa.1992)

("[a]ffidavits which are merely conclusory and lacking in specific facts may be properly disregarded by the court"); United States v. Hemmons, 774 F.Supp. 346, 352 (E.D.Pa.1991) ("Conclusory affidavits are not helpful, and are therefore not considered when deciding a motion for summary judgment").

Moreover, it is well-settled in the Third Circuit that a party cannot avoid summary judgment by submitting an affidavit or testimony that contradicts prior sworn testimony by that party, at least in the absence of satisfactory explanation for the contradiction. Hackman v. Valley Fair, 932 F.2d 239 (3d Cir.1991); Martin v. Merrell Dow Pharmaceutical, Inc., 851 F.2d 703 (3d Cir.1988). Such contradictory statements merely raise "sham" issues of fact, see Pyramid Securities, Ltd. v. I.B. Resolution, Inc., 924 F.2d 1114 (D.C.Cir.), cert. denied, 112 S.Ct. 85 (1991), and the Court is required to "ignore sham issues in determining the appropriateness of summary judgment." Babrocky v. Jewel Food Co., 773 F.2d 857 (7th Cir.1985). This rule applies not only to parties but also to witnesses. Adelman-Tremblay v. Jewel Companies, Inc., 859 F.2d 517 (7th Cir.1988)." Woods v. Thomas, 1995 WL 295321, *2 (E.D.Pa.1995).

**IV. Discussion**

In analyzing claims for discrimination under Title VII, the Court applies the familiar burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this scheme: (1) plaintiff bears the burden of establishing a prima facie case of discrimination; (2) the burden of production then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action; and (3) if defendant meets its burden of production, plaintiff must prove by a preponderance of the evidence that defendant's

proffered reason was a pretext for discrimination.  See McDonnell Douglas, 411 U.S. at 802; St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-508 (1993).

To establish a prima facie case of discrimination (age, gender and race), plaintiff must show that: (1) he was a member of a protected class; (2) he was qualified for his position;  (3) he suffered an adverse employment action; and (4) the circumstances surrounding the adverse employment action gives rise to an inference of unlawful discrimination. Geraci v. Moddy-Tottrup, Int'l Inc., 82 F.3d 578, 580 (3d Cir. 1996)(quoting Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

To establish a valid hostile work environment claim under Title VII, a plaintiff must show that: (1) he suffered intentional discrimination because of his membership in a protected class; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would have detrimentally affected a reasonable person of the same protected class; and (5) there is a basis for vicarious liability.  Kunin v. Sear Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999).

To establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action subsequent to or contemporeneous with the protected activity, and (3) there is a causal link between the protected activity and the adverse employment action.  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997).

Defendant disputes, and this Court has serious doubts that plaintiff has established a prima facie case of discrimination and/or retaliation because plaintiff has failed to show that he was disciplined under circumstances giving rise to an inference of discrimination or that there is

a causal link between a protected activity and any adverse employment action. Nonetheless, the Court will assume for the sake of argument that plaintiff has established a prima facie case of discrimination and retaliation.[3]

The burden then shifts to defendant to proffer a legitimate, nondiscriminatory reason for their actions. See Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994)(citing McDonnell Douglas, 411 U.S. at 802). Defendant has advanced a legitimate nondiscriminatory reason for its decision to discipline plaintiff - that he failed to set his parking brake in violation of postal regulations designed for the safety of letter carriers and the public. The Court finds that defendant has proffered legitimate, nondiscriminatory reasons its actions in disciplining plaintiffs with a "paper" suspension.

Thus, under the final prong of the McDonnell Douglas analysis, the burden shifts to plaintiff to produce sufficient evidence to withstand summary judgment on the issue of pretext. See McDonnell Douglas, 411 U.S. at 802. Plaintiff must point to some evidence, direct or circumstantial, from which a fact-finder could reasonably either (1) disbelieve defendant's articulated legitimate reasons or (2) believe than an invidious discriminatory reason was more likely than not a motivating or determinative cause of defendant's action. See Fuentes, 32 F.3d at 764; Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 523 (3d Cir. 1992)(citation omitted). In other words, plaintiff must demonstrate such "weaknesses, implausibilities,

---

[3]However, with regard to plaintiff's claim for hostile work environment on the basis of his race, he has failed to allege any evidence whatsoever to show any of the required elements for to make out a prima facie claim, including that he was subjected to intentional discrimination, that the discrimination was "severe and pervasive," or that respondeat superior liability applies. Because plaintiff has utterly failed to meet his burden in this regard, combined with the fact that his claim for hostile work environment was not timely raised and administratively exhausted, the Court's application of the McDonnell Douglas analysis necessarily ceases.

inconsistencies, incoherencies, or contradictions" in defendant's proffered legitimate reasons such that a "reasonable fact-finder could rationally find them unworthy of credence and hence infer that the proffered nondiscriminatory reasons did not actually motivate" defendant's action. Fuentes, 32 F.3d at 764-765 (quoting Ezold, 983 F.2d at 531). Another way to establish that discrimination was more likely than not a cause of the employer's action is to show that the employer has treated more favorably similarly situated persons without the protected class. Simpson v. Kay Jewelers, Div. Of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998)(citing Fuentes, 32 F.3d at 765).

The Court finds that plaintiff has failed to satisfy his burden to show pretext. In his response in opposition to defendant's motion for summary judgment, plaintiff attacks the affidavits of Sandra Mitchell and Robert ("Bob") Roberts, claiming that their affidavits are "sham" pleadings, that Sandra Mitchell had no direct knowledge of the issues at hand, and that Bob Roberts (whose correct legal name is Robert Roberts) treated him unfairly and unequally "in his discipline" because other white employees had severe safety violations that same day and were not disciplined. Plaintiff, however, fails to attach affidavits or any other competent evidence supporting his theory that others, not within the protected class, were treated more favorably than him on this day or any other. Similarly, regarding plaintiff's claim that defendant retaliated against him for filing a prior class action lawsuit, plaintiff attaches testimony from his own deposition where he testifies that, contrary to defendant's answer to interrogatory number 30, Mr. Kennedy was aware that he had filed a class action lawsuit. Again, there is no competent evidence to support his allegations regarding defendant's knowledge of, or retaliation for, plaintiff's filing of any prior legal action. Plaintiff's mere pronouncements or subjective beliefs

9

that he was disciplined because of their race or retaliated against for his participation in a prior action, is not a substitute for competent evidence. Martin v. Healthcare Business Resources, 2002 U.S. Dist. LEXIS 5117, 18-19 (E.D. Pa. 2002)(citing Pilgrims v. Trustees of Tufts College, 118 F.3d 864, 871 (1st Cir. 1997)).   Furthermore, also lacking from the record is any evidence that other similarly situated employees outside the protected class were treated differently.

     Plaintiff's conclusory statements are not sufficient to convince the Court that a reasonable juror could find his pretext arguments worthy of credence.  Absent from the record is any evidence to support his allegations of discrimination.  Even when viewing the facts in the light most favorable to plaintiff, he has failed to establish sufficient evidence from which a reasonable fact-finder could rationally find that the defendant's articulated reasons for its employment actions were unworthy of credence, or that their discipline of him was motivated by his race, age, gender or any retaliatory motive.  Where a plaintiff is unable to show weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in defendant's reasons for its action, summary judgment is required.  See Fuentes, 32 F.3d at 756.  For these reasons defendant's motion for summary judgment will be granted and plaintiff's motion opposing defendant's motion for summary judgment will be denied.

     An appropriate order will follow.

                              s/Arthur J. Schwab  
                              Arthur J. Schwab  
                              United States District Judge

cc: All counsel of record as listed below

Ronald Lee Moss
3 Allegheny Center, Apt. 315
Pittsburgh, PA 15212-5320

Rebecca Ross Haywood, Esquire
Megan E. Farrell, Esquire
United States Attorney's Office
Western District of Pennsylvania
Pittsburgh, PA 15219